MARTIN, APPELLANT, v. FLAHARTY, RESPONDENT.

[Argued November 7, 1892.  Decided February 6, 1893.]

DEEDS—*Delivery.*—It is not an absolutely essential requisite to the validity of a deed that there be a manual delivery to the grantee, but when there is an intention manifested by acts or by words on the part of the grantor to make the instrument his deed the delivery is complete.

SAME—*Sufficiency of delivery as between grantee and grantor's administrator.*— Where it did not appear that the grantor of lands had ever made a manual delivery of the deed to her daughters who were the grantees, but that on the day the deed was executed had received from them a life lease of the same lands as were conveyed and some months later in company with one of the grantees deposited the deed and lease in a bank with a written direction thereon that they be delivered to her, and, in case of her death, to one of the grantees, after which she spoke of the "girl's deed" as being in the bank, and occupied the premises until her death, such facts show a delivery of the deed and complete consummation thereof before the death of the grantor.

*Appeal from Ninth Judicial District, Gallatin County.*

Ejectment.  The cause was tried. before ARMSTRONG, J., without a jury.  Defendants had judgment below.  Affirmed.

*E. P. Cadwell,* and *J. L. Staats,* for Appellant.

There was no delivery of the deed to the property in question to the grantees, or either of them, prior to the death of the grantor, or at all, as shown by the evidence.  (Devlin on Deeds, §§ 79, 283; *Fisher* v. *Hall,* 41 N. Y. 423; *Prutsman* v. *Baker,* 30 Wis. 644; 11 Am. Rep. 592; *Ball* v. *Foreman,* 37 Ohio, 137; *Jackson* v. *Leek,* 12 Wend. 107; *Fay* v. *Richardson,* 7 Pick. 91; *Shurtleff* v. *Francis,* 118 Mass. 154; *Wiggins* v. *Lusk,* 12 Ill. 132; *Byars* v. *Spencer,* 101 Ill. 429; 40 Am. Rep. 212; *Skinner* v. *Baker,* 79 Ill. 496; *Gunnell* v. *Cockerill,* 79 Ill. 79; *Reed* v. *Douthit,* 62 Ill. 348; *Stinson* v. *Anderson,* 96 Ill. 373; *Jones* v. *Jones,* 6 Conn. 111; 16 Am. Dec. 35; *Stilwell* v. *Hubbard,* 20 Wend. 44.)  The lease creates no estoppel.  The tenant was in possession at the time she took the lease, and the doctrine of estoppel does not apply.  She never accepted the lease, because she never parted with the higher and better emblem of title and right to possession.  (*Tewksbury* v. *Magraff,* 33 Cal. 237.)

*Luce & Luce*, for Respondents.

Where a deed is found in the grantee's hands, a delivery and acceptance are always presumed. (3 Washburn on Real Property, 262; *Blankman* v. *Vallejo*, 15 Cal. 639.) The grantor admits delivery by execution and acknowledgment. (*Bensley* v. *Atwell*, 12 Cal. 232.) Want of delivery should have been alleged and proved, the deed being *prima facie* evidence of its delivery. (Abbott's Trial Evidence, p. 787, n. 1; p. 786, § 4; *Stafford* v. *Hornbuckle*, 3 Mont. 485; *Osborn* v. *Hendrickson*, 8 Cal. 31; *Boggs* v. *Merced M. Co.*, 14 Cal. 307; *Banning* v. *Banning*, 80 Cal. 271; 13 Am. St. Rep. 156; *De Arnaz* v. *Escandon*, 59 Cal. 486, 489; Comp. Stats., § 286, p. 665; Comp. Stats., § 263, p. 662.) The appellant should not be heard to question the effect of the deed in any manner. Being produced by the respondents and duly acknowledged, the presumption is that it is in every respect valid, and imports verity. (*Branson* v. *Caruthers*, 49 Cal. 374.) If the facts attending the execution of the instrument show that the party executing it intended it to become immediately operative and binding without any further act of ceremony on his part, there is sufficient proof of an effectual delivery, whoever may afterwards take possession of the document. (*Doe* v. *Knight*, 5 Barn. & C. 671; *Souverbye* v. *Arden*, 1 Johns. Ch. 240; *McLure* v. *Colclough*, 17 Ala. 89; *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264; *Farrar* v. *Bridges*, 5 Humph. 411; 42 Am. Dec. 439.) Even if the delivery was not prior to the deposit of the deed, that act operated as a delivery. (*Belden* v. *Carter*, 4 Day, 66; 4 Am. Dec. 185; *Woodward* v. *Camp*, 22 Conn. 461; *Grymes* v. *Hone*, 49 N. Y. 17; 10 Am. Rep. 313, approving *Hathaway* v. *Payne*, 34 N. Y. 92.) A deed need not be actually delivered if the grantor intends the execution to have the effect of a delivery and the parties act upon this presumption. (5 Am. & Eng. Ency. of Law, p. 447, and cases cited in notes 3–5.) Anything done by the grantor from which it is apparent that a delivery was intended, either by words or acts or both combined, is sufficient. (2 Wait's Actions and Defenses, 494, and cases cited; *Newton* v. *Bealer*, 41 Iowa, 334.) The grantor was estopped by the acceptance of the lease from denying the title

of the defendants. It was an acknowledgment of their title. (*McLaughlin* v. *Mitchell*, 121 U. S. 411; *McConnell* v. *Bowdry*, 4 Mon. T. B. 400; *Hall* v. *Butler*, 10 Ad. & E. 205; *Ingraham* v. *Baldwin*, 9 N. Y. 45. See also *Woodruff* v. *Erie Ry. Co.*, 93 N. Y. 609–18; *Jackson* v. *Spear*, 7 Wend. 401; *Jackson* v. *Smith*, 7 Cowen, 718; *Jackson* v. *Ayers*, 14 Johns. 225; 1 Washburn on Real Property, 358, 359, ¶ 4. See dissenting opinion of Justice Sawyer in *Tewksbury* v. *Magraff*, 33 Cal. 249, bottom of page 254.) The doctrine in *Tewksbury* v. *Magraff* is largely modified in *Peralta* v. *Ginochio*, 47 Cal. 459, and is repudiated in *Mason* v. *Wolff*, 40 Cal. 250, as to its application in certain cases. (See also *Abbey Homestead Assoc.* v. *Willard*, 48 Cal. 614; *Pacific M. L. Ins. Co.* v. *Stroup*, 63 Cal. 153.)

Pemberton, C. J.—This is a suit in ejectment instituted in the court below by appellant as administrator of Rebecca Githens, deceased. The complaint is such a one as is ordinarily employed in such actions. The answer contains a denial of all of the material allegations contained in the complaint, and alleges affirmatively that the deceased was not the owner of the demanded premises at the time of her death, but was the tenant of the respondents; that, as she did not die seised of any estate in the premises, her administrator, the appellant, cannot maintain this action. Both parties in the court below having expressly waived a jury, the case was tried by the court. The findings and judgment of the court below were in favor of the respondents. The appellant filed his motion for a new trial, which was overruled, and from the order of the court, overruling his motion for a new trial, this appeal is taken.

The facts of the case are substantially as follows: "The deceased, Rebecca Githens, was the mother of the respondents. On the second day of January, 1888, the deceased, who was then seised in fee of the premises in dispute, executed a deed to the demanded premises to the respondents. On the same day the respondents executed a lease to the same premises to the deceased for the term of her natural life, and delivered the same to the deceased. The proof is not positive that the deed was actually then delivered by the grantor to the grantees; that is, by manual delivery. Some months after the execution of

the said deed and lease, the deceased, in company with Mrs. Flaharty, one of the grantees, took both of said instruments to the Gallatin Valley Bank, and delivered them to the assistant cashier. This inscription was written on the outside of said paper: To deliver to Mrs. Githens, and, in case of her death to Mrs. Flaharty." Mrs. Githens died some months after the delivery of these papers to the bank, without even calling for them, and without even attempting or expressing any desire to regain the possession of them. After the death of Mrs. Githens the papers were delivered to Mrs. Flaharty. While these papers were in the bank, Mrs. Githens spoke of them to witnesses, saying the "girls' deed" (meaning the respondents) was in the bank. The evidence also shows that the deceased occupied the demanded premises under said lease from its execution until her death. After the death of Mrs. Githens the respondents took possession of the demanded premises, and have exercised control thereof ever since. The deceased, in her lifetime, while said papers were in the bank, spoke of both the deed and lease being in the bank, and of the deed as belonging to the respondents. Upon this showing of facts appellant contends there was no delivery of said deed, that the deceased never lost control over it during her lifetime, and that the delivery thereof was void. Counsel for the appellant concedes that if the deed was delivered he has no case. Respondents, of course, claim that the deed was delivered. What, then, is a delivery? And how can the delivery be shown?

In the 5 American and English Encyclopedia of Law, page 447, we find this doctrine asserted: "The intention always controls the determination of what constitutes a sufficient delivery; and it may be manifested by acts or by words, or by both, in the most informal manner. But either acts or words manifesting the intention must be present, in order to constitute a good delivery. But the deed need not be actually delivered, if the grantor intends the execution to have the effect of a delivery, and the parties act upon this presumption. Delivery will be presumed from the fact that the deed was executed before the witnesses, and declared to be delivered in their presence." And see cases cited in notes.

In Washburn on Real Property (vol. 3, 5th ed., p. 305, par.

28) the author says: "Thus, a deed may be delivered to the grantee himself, or it may be delivered to a stranger unknown to the person for whose benefit it is made, if so intended by the maker; and this may be an effectual delivery the moment it is assented to by the grantee, even though the grantor may in the mean time have deceased." See authorities cited in note.

In Delvin on Deeds (vol. 1, § 262) the author holds the doctrine of delivery of a deed to be one of intention: "As no particular form of delivery is required, the question whether there was a delivery of a deed or not, so as to pass title, must in a great measure, where it is not clear that an actual delivery has been effected, depend upon the peculiar circumstances of each particular case. The question of delivery is one of intention, and the rule is that a delivery is complete when there is an intention manifested on the part of the grantor to make the instrument his deed. 'The doctrine seems to be settled beyond a reasonable doubt,' remarks Justice Atwater, 'that where a party executes and acknowledges a deed, and afterwards, either by acts or words, expresses his will that the same is for the use of the grantee, especially where the assent of the grantee appears to the transaction, it shall be sufficient to convey the estate, though the deed remains in the hands of the grantor. . . . . The main thing which the law looks at is whether the grantor indicates his will that the instrument should pass into the possession of the grantee; and, if that will is manifest, then the conveyance inures as a valid grant, although, as above stated, the deed never comes into the hands of the grantee.' A deed does not become operative until it is delivered with the intent that it shall become effective as a conveyance. Whether such intent actually existed is a question of fact to be determined by the circumstances of the case, and cannot, in the majority of instances, be declared as a matter of law. A deed was held complete and valid where it had been prepared for execution, read, signed and acknowledged before a proper officer, notwithstanding the testimony of the witnesses present at its execution that there was no formal delivery, and the fact that the deed, after the grantor's death, was found among his private papers in his desk."

In *Doe dem. Garnons* v. *Knight*, 5 Barn. & C. 671; 11

E. C. L. 632, Bayley, J., holds that "where a party to an instrument seals it, and declares, in the presence of a witness, that he delivers it as his deed, but keeps it in his own possession, and there is nothing to qualify that, or to show that the executing party did not intend it to operate immediately, except the keeping of the deed in his hands, it is a valid and effectual deed; and delivery to the party who is to take by the deed, or to any person for his use, is not essential"; and cites a great number of cases in support of this doctrine.

In *Wheelwright* v. *Wheelwright*, 2 Mass. 447; 3 Am. Dec. 66, a case very similar to the one at bar, Parsons, C. J., delivering the opinion of the court, holds that "a deed signed, sealed, delivered, and acknowledged, which is committed to a third person, as the deed to the grantor, to be delivered over to the grantee on a future event, is the deed of the grantor presently; and the third person is a trustee of it for the grantee."

In *Woodward* v. *Camp*, 22 Conn. 459, 460, Waite, J., speaking of what constitutes a valid delivery of a deed, says: "And, in order to constitute a valid delivery, it is not necessary that it should be delivered personally to the grantee. It will be sufficient if delivered to some third person for the use of the grantee, although the latter was not present at the time, had no knowledge of the existence of the deed, and never gave any authority to the person receiving it to act in his behalf. (*Merrills* v. *Swift*, 18 Conn. 257; 46 Am. Dec. 315.) And if a deed be delivered to a third person, to be by him kept, during the life of the grantor, subject to his order, and at his death, if not previously recalled, to be delivered over to the grantee, and the grantor die without having recalled the deed, such delivery will become effectual, and the title of the grantee consummated, in the death of the grantor. (*Belden* v. *Carter*, 4 Day, 66; 4 Am. Dec. 185.) According to these authorities, had the deed, in the present case, been delivered to some third person, to have been kept during the life of Mrs. Camp, and then delivered to the grantee, such delivery, upon her death, would have become perfected, and the title would have vested in him."

In *Farrar* v. *Bridges*, 5 Humph. 411; 42 Am. Dec. 439, the court say: "A formal, ceremonious delivery of a deed is not

essential to its validity. If no condition be annexed, if nothing remains to be performed in order to give effect to the instrument, its signing, sealing, and attestation as a valid instrument between the parties will make it complete and effectual, although the instrument may be left in the possession of the bargainor or grantor." (See authorities cited.)

In *Thatcher* v. *St. Andrew's Church*, 37 Mich. 269, speaking of what constitutes the delivery of a deed, the court say: "The act of delivery is not, necessarily, a transfer of the possession of the instrument to the grantee, and an acceptance by him; but it is that act of the grantor, indicated either by acts or words, or both, which shows an intention on his part to perfect the transaction, by a surrender of the instrument to the grantee, or to some third person for his use and benefit. The whole object of a delivery is to indicate an intent upon the part of the grantor to give effect to the instrument. The deed may be delivered to the grantee, or to a stranger unknown to the person for whose benefit it is made; and it has been held that such was a good delivery, when assented to by the grantee after the death of the grantor." (See authorities cited.)

In *McLure* v. *Colclough*, 17 Ala. 96, the court say, speaking of what constitutes delivery: "Then, although there was no delivery by the hand, there was enough to constitute a good delivery in law. This may be accomplished by mere words, or by such words and actions as indicate a clear intention that the deed shall be considered as executed, as when a party to an instrument seals it, and declares in the presence of a witness that he delivers it as his deed, but keeps it in his own possession and there is nothing to qualify that, or to show that the executing party did not intend it to operate immediately, except the keeping of the deed in his hands, it is a valid and effectual deed; and actual delivery to the party who is to take by the deed, or to any person for his use, is not essential." (*Doe dem. Garnons* v. *Knight*, 5 Barn. & C. 671.)

In *Belden* v. *Carter*, 4 Day, 66; 4 Am. Dec. 185, a Connecticut case, depending on this statement of facts: "Delivery of deed. When takes effect. A grantor, having signed, sealed, and acknowledged a deed, took it up, in the absence of the grantee, and said to another: 'Take this deed and keep it. If

I never call for it, deliver it to B. after my death.   If I call for it, deliver it to me.'   The party then took the deed, and the grantor dying soon afterwards, and never having called for it, it was delivered to the grantee."   Upon these facts the court say and hold:  "The grantor delivered the deed to Wright with a reservation of a power to countermand it, but this makes no difference; for it was in the nature of a testamentary disposition of real estate, and was revocable by the grantor during his life, without an express reservation of that power.   The case, then, stands upon the same footing as if there had been no reservation of a power to countermand the deed.   It was a delivery of a writing as a deed to the use of the grantee, to take effect at the death of the grantor, deposited in the hands of a third person to hold till that event happened, and then to deliver it to the grantee.   The legal operation of this delivery is that it became the deed of the grantor presently; that Wright held it as a trustee for the use of the grantee; that the title became consummate in the grantee by the death of the grantor; and that the deed took effect, by relation, from the time of the first delivery."

In *Newton* v. *Bealer*, 41 Iowa, 334, in a case nearly on all fours with the case at bar, Day, J., delivering the opinion of the court, on page 339, says:  "Where one who has the mental power to alter his intention, and the physical power to destroy a deed in his possession, dies without doing either, there is, it seems to us, but little reason for saying that his deed shall be inoperative, simply because, during life, he might have done that which he did not do.   It is much more consonant with reason to determine the effect of the deed by the intention existing up to the time of death than to refuse to give it that effect because the intention might have been changed.   Applying this doctrine to the deed in question, there can be no doubt that it should be sustained.   The deceased, as he frequently declared, had made all the provisions for his other children that he intended to make.   When within a very few days of his death, and evidently, as appears, contemplating approaching dissolution, he says that he has his property all fixed, and points to the chest in which the deed would be found, which, as he supposed, had the effect to fix his property so that there

would be no 'fussing' about it when he was gone. He thus manifested an unequivocal intention, within a very short time of his death, to have this deed operate as a disposition of his property, and any construction of the law which ignores this intention, and defeats this purpose, prefers shadow to substance." (See cases cited.)

In *Hathaway* v. *Payne*, 34 N. Y. 92, a case wherein the facts are as nearly like the facts in the case at bar as usually happens, the court hold that, " where a deed is to be delivered to the grantee on the death of the grantor, the title, by relation, passes at the time the deed was left for delivery." Potter, J., delivered the opinion in this case, and after viewing at great length the facts, in stating the law and citing the authorities, says: " Looking to the language of the agreement itself, for the purpose and intent of this conveyance, it left no condition to be performed before delivery. It required nothing but the lapse of time, to wit, the death of both grantors, when Herrendeen, the agent, trustee, or depositary of the deed (by whatever name he may be called), by mutual direction of the parties, not alone that of the grantor, who alone could not revoke a mutual agreement, immediately to deliver it, as a good and valid conveyance of all the lands therein contained. If we look at the intent of the parties to the deed, as manifested by their acts, independent of the language of their agreement—the one granting, the other accepting the grant of, this part of the same premises—it is equally apparent that the parties intended the first deed as a present conveyance. In *Ruggles* v. *Lawson*, 13 Johns. 285; 7 Am. Dec. 375, A. executed a deed of lands, in consideration of natural love and affection, to his two sons, and delivered it to C., to be delivered to his sons in case A. should die without making a will; and, A. having died without a will, C. delivered the deed to the sons. It was held that this was a valid deed, and took effect from the first delivery; that this was not an escrow. In *Tooley* v. *Dibble*, 2 Hill, 641, a father signed and sealed a deed purporting to convey to his son a farm, placing the deed in the hands of B., with instructions to deliver it after the father's death, but not before, unless both parties called for it; and after the father died B. delivered the deed accordingly. It was held that the title of the son took effect, by relation, from

the time the deed was left with B., and that the son's quitclaim, executed intermediate the leaving the deed with B., and the father's death, though importing a mere conveyance of the son's 'right in expectancy' in the land, would pass his title. The cases of *Goodell* v. *Pierce*, 2 Hill, 659, and *Hunter* v. *Hunter*, 17 Barb. 25, are but confirmations of this view of the title taking effect from the first delivery of the deed. In the case of *Belden* v. *Carter*, reported in 4 Day, 66; 4 Am. Dec. 185, a deed was delivered to a third person to keep, and, if not called for, to deliver it after the death of the grantor. It was held that by legal operation it became the deed of the grantor presently, and that the depositary held it as a trustee for the use of the grantee, and that the title became consummate in the grantee by the death of the grantor, and the deed took effect, by relation, from the time of the first delivery. In the case of *Wheelwright* v. *Wheelwright*, 2 Mass. 447; 3 Am. Dec. 66, a distinction is made which I regard as sound, and which I think has not been questioned since, that applies to this case. It was held that a deed, signed, sealed, delivered, and acknowledged, which is committed to a third person as the deed of the grantor, to be delivered over to the grantee on a future event, is the deed of the grantor presently, and the third person is a trustee of it for the grantee. But if it be delivered to the third person as the writing or escrow of the grantor, to be delivered on some future event, it is not the grantor's deed until the second delivery. That is, its being a present deed depends upon the fact whether it was delivered as an escrow. The cases can be multiplied, each varying from every other by some nice shade of difference, upon the question whether, in the present case, the deed was an escrow in the hands of the depositary, or whether the depositary was made the trustee of the grantor. In the former case a second delivery is generally required before the title passes; in the latter, the title passes at the instant of delivering the deed to the depositary. This, I think, is the true distinction. In the case at bar there was no direction by the grantors that the deed was left as an escrow, and it presents no evidence of intent on the part of the grantors to make this deed an escrow. There is no condition mentioned in the agreement, to be performed before delivery, which in law would create it an escrow;

and presumptions arising from the language of the agreement, being taken most strongly against the grantor, forbid any implication of its being an escrow.   I think, therefore, that if the case depended upon this point, raised by the plaintiff on the assumption that there was no such delivery of the deed of 1839 as to pass the title to the defendant, he must also fail.   There is another reason, which exists both at common law and by the statute (which adopted the common law in this respect), which is controlling — 'that, in the construction of every instrument creating or conveying any estate or interest in lands, it shall be the duty of courts of justice to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument, and is consistent with the rules of law." And, in the case just cited, Denio, C. J., dissents from part of the opinion of the court, but agrees with the court as to the law concerning the delivery of deeds in such cases, and, on page 113 of the opinion cited, says : "They do [referring to cases cited on the question as to what is a sufficient delivery of a deed], however, I think, prove that a deed may be delivered to a third person, as this was, with instructions to be finally delivered to the grantee after the death of the grantor.   In such a case the weight of authority is that no title passes until the final delivery, and that then and thereafter the title is, by relation, deemed to have vested as of the time of the first delivery to the third person.   If it were an original question, I should suppose that such a transaction was of a testamentary character, and that it would be inoperative, for want of the attestation required by the statute of wills.   But the cases establish the rule as I have stated, and they should not now be disturbed." See authorities he cites on this point.

Authorities might be cited to any extent in support of the doctrine that a manual delivery of a deed is not an absolutely essential requisite to its validity; that "the question of delivery is one of intention, and the rule is that a delivery is complete when there is an intention manifested on the part of the grantor to make the instrument his deed." In this case the grantor having executed the deed to the grantees, and having received back from them at the same time a lease for the term of her natural life, for the same premises, and she having accepted said

lease, depositing it, with the deed to the demanded premises, with the depositary, with instructions to deliver the deed to the grantees in event of her death, and having never recalled the deed, or made any attempt or expressed any desire to regain control thereof, but in the mean time spoke of the deed as being the deed of the grantees, in the hands of the depositary, and occupied the premises as the tenant of respondents, and in all respects having treated the deed as belonging to the grantees, and both parties having acted concurrently upon the theory that the deed was complete, as well as the delivery thereof, the opinion seems irresistible that the facts show a valid delivery of the deed in this case.   Many of the authorities cited in this opinion have been so cited, not that we deemed it necessary to a determination of the case at bar, but more for the purpose of showing the trend of the authorities, and the extent to which they go in support of the doctrine discussed in this case.   Some of these authorities go further than perhaps this court would go under like circumstances; but they all support the position we take—that in the case at bar there was a valid delivery of the deed.   The acts, words, and conduct of the parties—especially the giving of the lease to the demanded premises by the grantees of the deed to the grantor contemporaneously with the execution of the deed, and her occupying the premises under said lease until her death—establish beyond controversy that the parties considered the deed complete, as well as the delivery thereof.   This opinion is not to be interpreted as establishing any new rule in relation to the testamentary disposition of property, or as expressing any opinion as to the rights of creditors in cases resting upon like facts and circumstances. We simply decide that in this case there was a delivery of the deed, and complete consummation thereof, before the death of the grantor.

Judgment of the lower court is affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.