ELLEN PENTICO *et al.* V. A. J. HAYS.

No. 14,826   (88 Pac. 738.)

SYLLABUS BY THE COURT.

1. CONVEYANCES—*Written Instrument Construed to be a Deed, and Not a Will.* An instrument in writing in the usual form and with all the content of an ordinary warranty deed, but with this reservation in the habendum: "except a lifetime lease on said land, in three days after the said party of the first part is deceased this deed shall be in full force," is, upon its face, when signed, a warranty deed of the fee to the land therein described, with a reservation of a life-estate in the grantor, and is not a will.

2. ———— *Estate Conveyed—Delivery and Acceptance of the Deed.* Such a deed, when signed, acknowledged and recorded by a mother, conveys a present estate to her child between nine and ten years of age, who is named as the grantee therein, in fee to the land therein described, subject to the life-estate, though the deed be not actually delivered to the child but is retained by the mother until her death; provided, that the circumstances, considered in connection with the deed, indicate that such was the intention of the mother at the time, and such conveyance is beneficial to the child.

3. ———— *Declarations of the Grantor—Hearsay Evidence.* In such a case, on a trial to determine the title to the land, had after the death of the mother, statements made by her after the recording of the deed may not be proved in derogation of the title of the child or its grantee.

Error from Rice district court; JERMAIN W. BRINCK-ERHOFF, judge. Opinion filed January 5, 1907. Affirmed.

STATEMENT.

ON June 13, 1889, Mary A. Smith owned eighty acres of land in Rice county, and had two children, Mrs. Ellen Pentico, who is one of the plaintiffs in error, and Pearly M. Smith, then a child between nine and ten years of age. Mrs. Smith made and acknowledged a deed on that day, purporting to convey to Pearly one forty-acre tract of the land. The deed, after being immediately recorded, seems to have been kept in the possession of the mother, and never to have passed into the physical possession of the little daughter. It was seen in a certain satchel, in which the mother kept her valuable papers, soon after it was recorded, and was found in the same satchel after the mother's death, in 1904.

The instrument was in the usual form of a warranty deed, except in the habendum clause there was this: "Except a lifetime lease on said land, in three days after the said party of the first part is deceased this deed shall be in full force and that she will warrant," etc.

Mrs. Smith continued in the possession of the entire eighty-acre tract of land until her death. In 1902 the daughter Pearly, then of age and married to one Wilson, sold and with her husband quitclaimed the forty acres described in the deed to her to the defendant in error, A. J. Hays. Thereafter Mrs. Smith made a will, by the terms of which she devised to Mrs. Pentico the entire eighty acres of land; and after the mother's will had been probated Mrs. Pentico and her husband took possession of the land, and soon thereafter Hays commenced this action against them to recover possession of the forty acres deeded to him by Pearly Wilson and her husband. The case was tried without a jury, judgment was rendered in favor of Hays, and the Penticos bring the case here.

*Prigg & Williams,* for plaintiffs in error.

*Samuel Jones,* and *C. F. Foley,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Two principal questions are involved herein: (1) Was the instrument which was executed and acknowledged by Mrs. Smith in the form of a deed to Pearly from her, and which was recorded in the office of the register of deeds of the county wherein the land was situated, really a deed which conveyed a present interest in the land, or was it a will, designed only to convey the land to Pearly after the death of her mother? The instrument was not drawn in the form of, nor witnessed as, a will, but in the form of a deed, although it was evidently written by one who had some knowledge of legal forms. It was acknowledged and recorded as a deed. It is to be presumed that the mother caused it to be recorded and paid the fees therefor, as the child could not be presumed to have done this, and she could not have delivered the deed for record if it had not previously been delivered to her. All these facts, while not conclusive, were entitled to some weight with the court.

The first consideration, however, is the instrument itself. The granting clause is complete, in the usual form of a conveyance of a present interest in fee simple; the exception is of a lifetime lease on the land. The mother was then in the possession of the land, and continued so thereafter for about fifteen years and until her death. No third party ever claimed any rights thereto under a lease. This exception, therefore, should be construed as the reservation of a life-estate in the mother. In the same sentence with this reservation, and separated therefrom only by a comma, is this clause: "In three days after the said party of the first part is deceased this deed shall be in full force." We think this should be construed as an extension of the life-estate, or as defining when the grantee in the

deed should be entitled to possession of the land,
rather than as a contradiction of the immediate grant
of the fee. (*Lauck et al. v. Logan*, 45 W. Va. 251, 31 S.
E. 986; *Wilson v. Carrico*, 140 Ind. 533, 40 N. E. 50, 49
Am. St. Rep. 213; *Shackelton v. Sabree et al.*, 86 Ill.
616. See, also, *Wyman v. Brown*, 50 Me. 139; *Abney
et al. v. Moore, Admr.*, 106 Ala. 131, 18 South. 60;
*Spencer et al. v. Robbins èt al.*, 106 Ind. 580, 5 N. E.
726; *Turner v. Scott*, 51 Pa. St. 126; *Bunch v. Nicks*, 50
Ark. 367, 7 S. W. 563; *Hunt v. Hunt* [Ky.], 82 S. W.
998, 68 L. R. A. 180; *Durand v. Higgins*, 67 Kan. 110,
124, 72 Pac. 567.)

In *Powers v. Scharling*, 64 Kan. 339, 67 Pac. 821, Mr.
Justice Greene, speaking for the court, said:

"In determining whether an instrument be a deed or
a will the question is, Did the maker intend to convey
any estate or interest whatever to vest before his death
and upon the execution of the paper? Or, on the other
hand, did he intend that all the interest and estate
should take effect only after his death? If the former,
it is a deed; if the latter, a will." (Page 343.)

In *Durand v. Higgins, supra*, the grantor took back,
in a collateral agreement, the full control of the real
estate conveyed by the deed during his lifetime, with
the right to sell or convey as if the deed had not been
given; also, it was stipulated that the grantees should
not convey without his written consent, and should
sign all deeds for the property when so requested by
him. This court, construing the deed and contract to-
gether as one transaction, held that the deed conveyed
a present estate, was not testamentary, and could not
be revoked at the will of the grantor. It was also said
in that case to be hornbook law that if there be repug-
nant clauses between the premises and the habendum
in a deed of conveyance the former must prevail; that
"the habendum may lessen, enlarge, explain, or qualify,
but not totally contradict, or be repugnant to, the es-
tate granted in the premises." (Page 124.) Following
this well-recognized principle, we must hold that the
deed in question by its terms conveyed an estate in fee

to Pearly M. Smith, reserving a life-estate in the grantor. The instrument, then, on its face, was a deed and not a will.

(2) Was the deed ever delivered so as to become effective? It is, of course, the general rule that a deed does not effect the conveyance of the real estate described therein until it is delivered by the grantor to the grantee and is accepted by the latter; though this does not always mean a manual delivery nor an express acceptance. There is no evidence in this case of either such a delivery or such an acceptance, but on the contrary the circumstances seem to negative the idea that either actual delivery or acceptance occurred. Yet we think the presumption of the delivery arising from the recording of the deed supplies the place of proof of manual delivery, and the fact that the conveyance was beneficial to a child of such tender years as to be incapable of an intelligent acceptance or rejection of the deed raises the presumption of acceptance and obviates the necessity of proof thereof. (*Tobin v. Bass*, 85 Mo. 654, 55 Am. Rep. 392; *Stow v. Miller*, 16 Iowa, 460; *Scrugham v. Wood*, 15 Wend. [N. Y.] 545, 30 Am. Dec. 75; *Souverbye v. Arden*, 1 Johns. Ch. [N. Y.] 240; Tiedeman, Real Prop. § 814; *Cecil v. Beaver*, 28 Iowa, 241, 245, 4 Am. Rep. 174; *Compton v. White*, 86 Mich. 33, 48 N. W. 635.) Following this respectable line of authorities, we conclude that the decision of the court, in effect that the deed was delivered and accepted or was valid without actual delivery and acceptance, is right.

A deed was also introduced in evidence from Mrs. Mary A. Smith to her other daughter, Mrs. Pentico, purporting to convey the other forty acres of the eighty-acre tract to Mrs. Pentico. This deed appears to be identical in form and content with the deed to Pearly, except only as to the description of the land conveyed and the name of the grantee. This deed also appears to have been executed, acknowledged and recorded at the same times respectively as was the deed

to Pearly. This circumstance also strengthens the presumption of the validity of Pearly's deed. (*Stow v. Miller, supra.*)

The plaintiffs in error, however, complain that the court rejected the evidence offered by them of declarations of the mother, on the day after the recording of the deeds, that they were recorded against her wishes and without her consent. This was not a part of the *res gestæ* nor a declaration against her interest at a time when she held the title to the land. It was clearly hearsay, as was also the offered proof of the statements of the mother, made after Pearly and her husband had deeded the land to Hays, as to her (the mother's) understanding as to when her deed to Pearly was to take effect.

The other objections to the exclusion of evidence we have examined, and find no material error therein.

As before said, the presumption is that Mrs. Smith caused Pearly's deed to be placed of record, in the absence of proof to the contrary. Thereupon the status of the parties to the land became fixed, and nothing Mrs. Smith could say or do thereafter except by a legal proceeding could change that status. If it was not in fact her intention to convey the land to Pearly, and if the recording of the deed occurred through fraud or mistake, she was not without a remedy. Knowing all the facts, however, including the recording of the deed, she remained silent and apparently acquiescent for about thirteen years, and until after Hays had bought the land from Pearly, and had paid for it, presumably. She then undertook to will the land to Mrs. Pentico. The situation savors strongly of an estoppel, both as to Mrs. Smith and as to her would-be devisee by the will.

The judgment is affirmed.