## ELGIN R. DICKSON v. EFFIE V. MILLER and Another.[1]

January 23, 1914.

Nos. 18,262—(126).

**Delivery of deed to third person — evidence.**
> 1. The evidence sustains a finding that the grantor in a deed delivered it to a third person with instructions to deliver it to the grantee upon the grantor's death, parting with all control of it, not reserving a right to recall it, and intending thereby to make a final disposition of the property deeded.

**Title of grantee.**
> 2. The grantee in a deed thus delivered, upon the death of the grantor and the delivery of the deed to him by the depositary, has absolute title.

[1] Reported in 145 N. W. 112.

---

Note.—As to the right of a grantor to revoke deed delivered to stranger to be delivered by him to grantee after grantor's death, see notes in 4 L.R.A.(N.S.) 816 and 9 L.R.A.(N.S.) 317. And upon the question of the delivery of a deed to third person, or record by grantor, as a delivery to the grantee, see notes in 54 L.R.A. 865; 9 L.R.A.(N.S.) 224; and 38 L.R.A.(N.S.) 941.

**Recall of deed by grantor.**
3. The grantor in such a deed cannot recall it.

**Not a testamentary disposition.**
4. Such a deed is not testamentary in character.

**Declarations of grantor inadmissible in evidence.**
5. Declarations of a grantor in such a deed, while in possession of the property and after the delivery of the deed to the depositary, to the effect that she retains the right to recall the deed, are inadmissible.

Action in the district court for Winona county to adjudge plaintiff to be the owner of the premises described, that defendant Effie V. Miller has no interest therein by reason of the deed described in the opinion, that such deed be adjudged to be a cloud upon the record of plaintiff's title to the premises, and that the same be canceled of record. The answer alleged that the grantor deposited the deed with George Pfefferkorn with directions to hold the same and, unless previously recalled or his authority revoked, upon her death to deliver the same to plaintiff; that subsequently, plaintiff failing to perform the services anticipated by the deceased, she cancelled and revoked the authority of Pfefferkorn so given to him, recalled the deed and demanded of him that he surrender possession thereof. The foregoing allegations of the answer were denied in the reply. The case was tried before Snow, J., who found that plaintiff was the owner in fee of the premises described and ordered judgment in his favor. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*M. B. Webber* and *Webber & Lees,* for appellant.
*Brown, Abbott & Somsen,* for respondent.

DIBELL, C.

This action is brought to determine the title to certain real property in St. Charles in Winona county. There was judgment for the plaintiff and the defendants appeal.

1. On May 17, 1906, Emily E. Dickson, the mother of the plaintiff and the defendant Effie V. Miller, the other defendant being Mrs. Miller's husband, executed a warranty deed of a certain lot in St. Charles, in Winona county, to the plaintiff, and delivered it to

George Pfefferkorn, the banker at St. Charles, and directed him to keep it until her death and then to deliver it to the plaintiff. The deed reserved a life estate. On April 13, 1912, Mrs. Dickson demanded from Pfefferkorn a return of the deed. It was refused. On April 13, 1912, she deeded the lot to her daughter, the defendant. On June 13, 1912, she died. Pfefferkorn, upon her death, delivered the deed to the plaintiff. He first knew of the deed to him in January, 1912. Mrs. Miller, when she took her deed, knew of the prior deed to her brother.

The trial court found that the deed was delivered by Mrs. Dickson to Pfefferkorn without any intention or expectation of recalling it or repossessing herself of it and without a reservation of any control over it or right to recall it. It was in the possession of Pfefferkorn with specific directions as to its further disposition. It is held in some of the cases that a reservation of a life estate evidences an intent to give a present effect to the deed. Sneathen v. Sneathen, 104 Mo. 201, 16 S. W. 497, 24 Am. St. 326; Ball v. Foreman, 37 Oh. St. 132; Williams v. Latham, 113 Mo. 165, 20 S. W. 99; Martin v. Flaharty, 13 Mont. 96, 32 Pac. 287, 19 L.R.A. 242, 40 Am. St. 415. In any event the evidence clearly shows that Mrs. Dickson parted with all control of the deed and intended to make a final disposition of her property by a delivery of it and the court could not have found otherwise.

2. A deed thus executed and delivered is given effect and upon the delivery to the grantee upon the death of the grantor he has absolute title. Some cases proceed upon the theory that a present interest vests in the grantee upon the delivery to the depositary and upon the death of the grantor the title is absolute. Others seem to hold that, the delivery to the depositary being absolute, title passes upon the death of the grantor, or upon the delivery of the deed by the depositary; and, if necessary to promote the ends of justice, they adopt the fiction that the title relates to the date of the delivery to the depositary. Some say that the grantor makes the depositary the trustee of the grantee to receive the deed. It seems that the most carefully considered cases are based upon the theory that a present interest passes upon the delivery to the depositary, though enjoyment

of the estate is postponed, and that upon delivery at the death of the grantor the title in the grantee is absolute. If the right to recall or control the deed is reserved, by the great weight of authority title will not pass by the deed for want of delivery, even though the depositary makes delivery after the grantor's death. The cases involving the questions suggested are collated and discussed in the following cases and notes thereto: Munro v. Bowles, 187 Ill. 346, 58 N. E. 331, 54 L.R.A. 865; Grilley v. Atkins, 78 Conn. 380, 62 Atl. 337, 4 L.R.A.(N.S.) 816, 112 Am. St. 152; P.entico v. Hays, 75 Kan. 76, 88 Pac. 738, 9 L.R.A.(N.S.) 224; Renehan v. McAvoy, 116 Md. 356, 81 Atl. 586, 38 L.R.A.(N.S.) 941; Wellborn v. Weaver, 17 Ga. 267, 63 Am. Dec. 235; Brown v. Westerfield, 47 Neb. 399, 66 N. W. 439, 53 Am. St. 532; Williams v. Daubner, 103 Wis. 521, 79 N. W. 748, 74 Am. St. 902. There is an excellent but brief analysis in 26 Harvard Law Rev. 565.

3. The final question is whether Mrs. Dickson had the right to recall the deed to her son. Pfefferkorn was not her messenger to carry the deed to the grantee. He was not her agent to deliver the deed after her death. He did not hold it as her agent. He was the depositary for the purpose of a delivery which she intended should determine the final disposition of her property. Authority to deliver can be revoked. A delivery cannot be. A deed delivered to a third person to be delivered to the grantee at the grantor's death cannot be recalled. Bury v. Young, 98 Cal. 446, 33 Pac. 338, 35 Am. St. 186; Robbins v. Rascoe, 120 N. C. 79, 26 S. E. 807, 38 L.R.A. 238, 58 Am. St. 774; Arrington v. Arrington, 122 Ala. 510, 26 South. 152. It would seem that this is the necessary result of the holdings to the effect that a delivery of a deed to a third person to be delivered to the grantee passes an interest and that a reservation of control over the deed or of a right to recall it, just as in the case of an ordinary conveyance, makes the deed ineffective as a deed for want of delivery. This is in accord with the cases and notes cited in paragraph 2, supra, and the doctrine is thoroughly settled. If it is desirable that a delivery to a third person to be delivered to the grantee upon the grantor's death be subject to recall at the grantor's

option so as not to pass title, and effective to pass title if not recalled, the result should be reached by legislation.

We hold that Mrs. Dickson had no right of recall of the deed to her son and that upon her death title was absolute in him. This result is supported by the reasoning of the cases in this state. Haeg v. Haeg, 53 Minn. 33, 55 N. W. 1114; Wicklund v. Lindquist, 102 Minn. 321, 113 N. W. 631; Thomas v. Williams, 105 Minn. 88, 117 N. W. 155.

4. The defendants rely upon Hale v. Joslin, 134 Mass. 310. The court there found that there was no delivery sufficient to vest title, and that the depositary held the deed as agent of the grantor, and that the act of the grantor was in the nature of a testamentary act revoked by a subsequent will. It is true that the language used by the grantor, when he left the deed with the depositary, is much like the language used in the case at bar. Of course if the conveyance here involved were testamentary in character it would be invalid for want of form and Mrs. Miller's deed would put the title in her. The deed under consideration is not testamentary in character within the cases cited supra.

5. The appellants sought to prove declarations of Mrs. Dickson while in possession of the property and subsequent to the delivery of the deed to Pfefferkorn to the effect that she retained the right to recall it. These declarations were self-serving and in derogation of the title of her grantee. They did not characterize her possession. They were properly excluded. Arnegaard v. Arnegaard, 7 N. D. 475, 75 N. W. 797, 41 L.R.A. 258; Pentico v. Hays, 75 Kan. 76, 88 Pac. 738, 9 L.R.A.(N.S.) 224; Miller v. Meers, 155 Ill. 284, 40 N. E. 577; Bury v. Young, 98 Cal. 446, 33 Pac. 338, 35 Am. St. 186.

Judgment affirmed.