GEORGE G. WORTZ v. JOHN R. WORTZ and Others.[1]

January 22, 1915.

Nos. 19,015—(58).

**Deposit of deed — right to recall.**
1. A deed deposited with a third party for delivery to the grantee after

[1] Reported in 150 N. W. 809.

Note.—Upon the question whether the delivery of a deed to a third person, or record by the grantor, is a delivery to the grantee, see notes in 54 L.R.A. 865; 9 L.R.A.(N.S.) 224, and 38 L.R.A.(N.S.) 941.

the death of the grantor, but which the grantor reserves the right to recall at any time, conveys no title because no valid delivery has been made. Dickson v. Miller, 124 Minn. 346, followed and applied.

**Undue influence.**

2. The evidence is sufficient to sustain the finding that a certain deed was procured by undue influence.

Action in the district court for Meeker county to quiet title to certain land and to set aside the deed described in the complaint. By stipulation of the parties the matter was heard before a referee, who made findings and ordered that the deed dated March 4, 1913, be set aside, and that the deed of Elizabeth Wortz to plaintiff dated October 26, 1907, was a valid deed. Defendants' motion to amend the findings was granted in part and denied in part. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed, except as to the cancelation of the deed of March 4, 1913.

*N. D. & C. H. March* and *Alva R. Hunt,* for appellants.
*Luke K. Sexton,* for respondent.

TAYLOR, C.

The parties to this action are the children of Elizabeth Wortz, deceased. She owned an 80-acre farm in Meeker county and resided thereon until her death on March 12, 1913. After the death of her husband some 17 years ago, plaintiff, her oldest son, took charge of and carried on the farming operations under an arrangement whereby she received one-third of the crops and plaintiff two-thirds thereof. The other children left the farm and established homes for themselves. In 1907, Mrs. Wortz and plaintiff went to a notary public, where she made a warranty deed to plaintiff for the farm, and plaintiff executed a contract to take care of her during her lifetime, and to do certain other things therein specified, and which further provided that the deed should be null and void if he failed to faithfully perform his undertakings. After the papers were executed, Mrs. Wortz directed the notary to keep both the deed and the contract. The instructions which she gave are stated by the

notary as follows: "She said I should keep those papers; if she was not well treated, or at any time wanted those papers, she would come to me personally and get them; otherwise, I was to keep them and after her death I was to deliver them to George." That these were the instructions under which the notary held the deed is undisputed and is found as a fact. After the execution of these papers, Mrs. Wortz and plaintiff and his wife lived together as one family the same as before, and plaintiff carried on the farm and made the division of the crops the same as before. When Mrs. Wortz became dangerously ill her other children were notified, and her daughters came and remained at the house and took care of her until her death. They apparently sought to exclude plaintiff and his wife from their mother's presence, and the relations between some of them and plaintiff and his wife became strained and unpleasant. On February 28, Mrs. Magner, one of the daughters, procured an order from her mother on the notary for the papers and attempted to obtain them. The notary refused to deliver them to any person other than Mrs. Wortz, but offered to go to the house and deliver them to her. Mrs. Magner declined this offer, as she did not want plaintiff to know that the deed had been recalled. Afterwards she had Mr. March, an attorney, prepare a deed from her mother to all the children in equal shares, and on March 4 had him come to the house for the purpose of having it executed. In the presence of the children including plaintiff and his wife, Mr. March read and explained the deed to Mrs. Wortz, and she then executed it. On the same day, the other children executed to plaintiff a lease of the land for the following farming season, and plaintiff executed a written order directing the notary, who held the deed and contract executed in 1907, to deliver them to Mr. March. The deed executed to plaintiff was not delivered on this order, however. Eight days later Mrs. Wortz died, and four days after her death plaintiff repudiated the entire transaction of March 4, and procured from the notary the deed running to himself and placed it on record. The other deed had been recorded on March 8.

Plaintiff brought this action to have the title to the land quieted in himself and to have the deed executed on March 4, 1913, declared

void on the ground that it was procured by undue influence. The trial court rendered judgment to the effect that the deed to plaintiff executed in 1907 was valid; that he was the owner in fee of the land thereunder; and that the deed executed on March 4, 1913, was void and of no effect, for the reason that it was procured by undue influence. Defendants appealed.

The judgment must be reversed, for the reason that there was no valid delivery of the deed executed to plaintiff and it never took effect. Mrs. Wortz clearly and unequivocally reserved the right to recall the deed at any time. This defeated it. In Dickson v. Miller, 124 Minn. 346, 145 N. W. 112, the authorities bearing upon this question were fully considered, and the rule governing the present case is there stated as follows:

"If the right to recall or control the deed is reserved, by the great weight of authority title will not pass by the deed for want of delivery, even though the depositary makes delivery after the grantor's death." We follow and apply that rule.

The court determined that the deed executed on March 4, 1913, was of no effect, for the reason that it was procured by undue influence. Under the rules governing this court, when reviewing the findings of the trial court, the evidence is sufficient to sustain such conclusion. The result is that Mrs. Wortz died seized of the land in question, and that it forms a part of her estate to be administered by the probate court. Whether she disposed of the property by will or whether it passed to her heirs at law under the statute is the province of that court to determine. So much of the judgment as cancels the deed executed on March 4, 1913, is affirmed; the remainder of the judgment is reversed.