HENRY OTTO HAGEN AND ANOTHER v. EPHRAIM HAGEN AND OTHERS.[1]

February 16, 1917.

Nos. 20,135—(268).

**Deed delivered to third person — construction.**

After the words of grant and warranty in a short form warranty deed, is found the following clause: "This deed to be held in escrow by August Bjorklund until the death of the said Knut O. Hagen when it becomes operative." On the day the said deed was signed and acknowledged by the grantors, said Knut O. Hagen and his wife, three other deeds were also executed by them containing similar provisions. The grantees in all the deeds were children of the second marriage of Knut O. Hagen.

[1]Reported in 161 N. W. 380.

At the same time he also executed a will giving substantial sums to the two children of his first marriage, and a nominal sum to each of the other children. By the grantor's direction the deeds were given to August Bjorklund with instruction to deliver this deed to defendant, the grantee therein, upon the death of said Knut O. Hagen. It is *held*:

The provision above quoted in the deed did not destroy the estate granted by what precedes, it merely reserved a life estate in the grantor. The instrument is therefore not testamentary in character, but a deed capable of effective delivery by such an one as here made, for the grantor reserved no dominion or control over the deed after it passed to the depositary.

Action in the district court for Waseca county to set aside a deed from Knute O. Hagen, father of plaintiffs, to Ephraim Hagen. The case was tried before Childress, J., who made findings and dismissed the action. From an order denying their motion for amended findings and conclusions of law or for a new trial, plaintiffs appealed. Affirmed.

*A. W. Johnson* and *John F. D. Meighen,* for appellants.

*Henry M. Gallagher* and *Moonan & Moonan,* for respondents.

HOLT, J.

Action to set aside a purported deed on the grounds that the grantor was mentally incompetent to execute the same; that it was procured by fraud and undue influence; that it was never delivered; and that it was testamentary in character. Plaintiffs appeal from the order denying their motion for amended findings and a new trial.

The findings upon the issues of mental competency and undue influence are acquiesced in, but the validity of the deed is attacked on the ground that it is testamentary in character, rendered so by the express provision contained therein, and therefore its delivery can in no manner aid in transmitting title to real property.

The facts developed at the trial are these: Knute O. Hagen, a farmer of Waseca county owning 360 acres of land and considerable personal property, had been ill for some time. In December, 1913, when told that death might be near, he made a will disposing of his property among his heirs. Afterwards in February, 1914, by another will, he altered the disposition somewhat. Less than two months thereafter he called in an

attorney who, at his request, drew a will and four deeds conveying all of his real estate. The instruments were signed, attested and acknowledged. He died May 29, 1914, when 62 years of age. He had been married twice. Plaintiffs are the children of his first wife. The children of his second wife are the grantees in the four deeds. In the will he bequeathed $1,700 to plaintiff Henry O. Hagen; $1,500 to the other plaintiff; and one dollar to each of the six children of the second marriage. There is evidence tending to show that Knute O. Hagen thought his property could be so managed that, after debts and mortgages were paid, each child might get a portion worth about $1,500. Plaintiff Henry O. Hagen was to receive $200 more than this amount under the will, but this additional sum was to be in payment of services rendered as a physician to his father and the family. Mrs. Hagen did not assent to the will. Some of the grantees in the deeds were minors. Two of the deeds conveyed the homestead. The two last mentioned contained this clause at the end and above the date and signatures: "This deed to be held in escrow by August Bjorklund until the death of the grantors above named when it becomes operative." In the other two, one of which is the deed here involved, the provision reads: "This deed to be held in escrow by August Bjorklund until the death of the said Knute O. Hagen when it becomes operative."

Our decisions settle that a person may make a valid conveyance by signing and acknowledging a deed and delivering the same to a third party with instructions to deliver to the grantee upon the grantor's death, provided the delivery to the third party is such that the grantor retains no right to recall it or control its delivery. A deed so made and delivered vests the fee in the grantee and reserves a life estate in the grantor, and is not testamentary in character. Haeg v. Haeg, 53 Minn. 33, 55 N. W. 1114; Wicklund v. Lindquist, 102 Minn. 321, 113 N. W. 631; Ekblaw v. Nelson, 124 Minn. 335, 144 N. W. 1094; Dickson v. Miller, 124 Minn. 346, 145 N. W. 112; Wortz v. Wortz, 128 Minn. 251, 150 N. W. 809; and Innes v. Potter, 130 Minn. 320, 153 N. W. 604. In such a case the delivery to the depositary is considered a delivery to the grantee. We think the evidence fully sustains such delivery here, and that the grantor reserved no right to recall the deed. He relinquished all control over it when he caused it to be given to Mr. Bjorklund with

direction to deliver to the grantee on the happening of the event speci-
fied. That the word "escrow" is used does not signify much. In Foster
v. Mansfield, 3 Metc. 412, 37 Am. Dec. 154, Chief Justice Shaw says
of a deed delivered to a third party: "Where the future delivery is to
depend upon the payment of money, or the performance of some other
condition, it will be deemed an escrow. Where it is merely to await the
lapse of time, or the happening of some contingency, and not the per-
formance of any condition, it will be deemed the grantor's deed present-
ly."

But the contention is that the last four words, in the provision al-
ready quoted from the instrument, establish its character as testamen-
tary, hence not a deed and incapable of delivery so as to vest title. The
instrument is in the short warranty deed form. Presumptively the grant-
or intended it as a conveyance, for otherwise it is merely waste paper of
no effect. If two constructions of a written instrument be permissible,
one of which renders it void and the other valid, that construction which
results in holding it valid and effective should be adopted. Thomas v.
Williams, 105 Minn. 88, 117 N. W. 155. We do not think the clause
referred to should be construed to nullify the instrument. By the very
nature of the transaction a grantor reserves possession during life, or a
life estate, when he delivers a deed to a third person for the grantee,
with direction to give it to the latter upon the death of the grantor.
Rowley v. Bowyer, 75 N. J. Eq. 80, 71 Atl. 398. That presupposes vest-
ing in the grantee the rest of the estate. We find the instrument here
undertook to convey and warrant a present interest in the land, and the
subsequent statement therein as to when it should become operative must
be held to refer to the time it operates upon and determines the use and
occupation reserved to the grantor. The provision here involved is in
substance similar to the ones held not to render the instrument ineffec-
tive as a deed in Vessey v. Dwyer, 116 Minn. 245, 133 N. W. 613, and
Ekblaw v. Nelson, 124 Minn. 346, 145 N. W. 112; and the following
cases from other jurisdictions, in some of which the language is almost
identical with the case at bar, are to the same effect: Abney v. Moore,
106 Ala. 131, 18 South. 60; Bunch v. Nicks, 50 Ark. 367, 7 S. W. 563;
White v. Hopkins, 80 Ga. 154, 4 S. E. 863; West v. Wright, 115 Ga.
277, 41 S. E. 602: Brice v. Sheffield, 118 Ga. 128, 44 S. E. 843; Love

v. Blauw, 61 Kan. 496, 59 Pac. 1059, 48 L.R.A. 257, 78 Am. St. 334; Durand v. Higgins, 67 Kan. 110, 72 Pac. 567; Pentico v. Hays, 75 Kan. 76, 88 Pac. 738, 9 L.R.A. (N.S.) 224; Hunt v. Hunt, 119 Ky. 39, 82 S. W. 998, 68 L.R.A. 180, 7 Ann. Cas. 788; Shackelton v. Sebree, 86 Ill. 616; Wilson v. Carrico, 140 Ind. 533, 40 N. E. 50, 49 Am. St. 213; Kelley v. Shimer, 152 Ind. 290, 53 N. E. 233; Wyman v. Brown, 50 Me. 139, Abbott v. Holway, 72 Me. 298; Foster v. Mansfield, 3 Metc. (Mass.) 412; Merck v. Merck, 83 S. C. 329, 65 S. E. 347, 137 Am. St. 815; Trumbauer v. Rust, 36 S. D. 301, 154 N. W. 801; Lauck v. Logan, 45 W. Va. 251, 31 S. E. 986; and Jones v. Caird, 153 Wis. 384, 141 N. W. 228, Ann. Cas. 1914A, 88. There are cases from Michigan, Nebraska, Oregon, Pennsylvania, Texas, Iowa and Missouri holding like provisions in an instrument to destroy its character as a conveyance. But in the two last named states we find decisions going far to sustain the deed before us, viz., Saunders v. Saunders, 115 Iowa, 275, 88 N. W. 329; Wimpey v. Ledford (Mo.) 177 S. W. 302.

In Dickson v. Miller, 124 Minn. 346, 145 N. W. 111, several theories are stated upon which different courts have proceeded in arriving at the result that a grantor may pass title by a deed delivered to a depositary with direction not to give the same to the grantee until after the death of the grantor. The opinion is also therein ventured "that the most carefully considered cases are based upon the theory that a present interest passes upon the delivery to the depositary, though enjoyment of the estate is postponed, and that upon delivery at the death of the grantor the title in the grantee is absolute." Although we had thus expressed a preference, so to speak, as to the theory upon which different courts have proceeded some two months before Knute O. Hagen made the deeds, it is not likely that knowledge thereof had reached the attorney who advised him. If Mr. Hagen and his attorney acted upon the theory of law advanced by courts of very high standing, the words used in the quoted provision of the deed seem to be quite apt for the purpose of conveying a title in fee to the grantee with a life estate in the grantor. In Stonehill v. Hastings, 202 N. Y. 115, 94 N. E. 1068, where the grantor had delivered a deed to a depositary with direction to deliver to the grantee after grantor's death, the conclusion of the referee that the deed "was to take effect upon the death of the grantor and that the latter

died seized of the premises" is held to be "in accordance with the fact of the final delivery of the deed and the law as established by well-considered cases;" and the decision quotes from Hathaway v. Payne, 34 N. Y. 92, where Chief Judge Denio uses this language: "They (the authorities) do * * * prove that a deed may be delivered to the grantee after the death of the grantor. In such a case, the weight of authority is, that no title passes until the final delivery, and that then, and thereafter, the title is, by relation, deemed to have vested as of the time of the first delivery to the third person." We hold that the quoted provision found in the deed should not be construed so as to annul the estate previously therein granted. And being a deed its delivery was efficacious.

The result may not be entirely fair to plaintiffs, because Knute O. Hagen undoubtedly overestimated the property left for the will to operate on. But, on the other hand, if the deeds are set aside, the will, which has been duly admitted to probate, gives plaintiffs a preference of $3,200 and then permits them to share equally with the other children in the residue. ·This would appear to be unjust to the children of the second marriage, especially to· those of them who have remained these many years on the farm and largely helped to accumulate the property while during that time plaintiffs were permitted to attend college and acquire a professional education and training. We, however, see no valid legal ground for reversing the order of the trial court.

Order affirmed.