# FRANK B. PETERMAN, Appellant, v. ROBERT E. PETERMAN.

### Division One, March 5, 1921.

1. **EJECTMENT: Defense: Estoppel in Pais: Jury Trial.**   In eject-
ment, where one defense was estoppel *in pais*, plaintiff, insisting
upon a trial by jury as a law case, cannot on appeal claim that
the trial should have been by the court as in equity.

2. ———: ———: ———: **General Verdict.** A general verdict for defendant in an ejectment suit, rendered on proper instructions, where one defense was estoppel *in pais*, will not be disturbed on appeal, where the court would decree title in defendant on the theory of such estoppel if it were hearing the case as in equity.

3. **DEED: Escrow: Withdrawal: Final Delivery.** Where grantor and grantee in a deed to land have delivered such deed in escrow to a third party to be by him delivered to grantee upon the death of grantor, such grantor and grantee can thereafter, by mutual agreement, withdraw such deed from such third party's possession and thereby prevent its final delivery to grantee, who cannot complain of its non-delivery to him nor claim title under it.

4. ———: ———: ———: **Delivery: Intent.** The delivery of a deed is a matter of intent, and whether or not it is absolute depends upon the facts.

5. ———: ———: ———: ———: **Question for Jury.** Plaintiff, a single man, lived with his mother on the land in suit, then owned by her. She had drawn and executed a deed conveying the land to plaintiff and left it with a third party to be delivered to plaintiff after her death. Thereafter he and she went to the third party and obtained the deed and plaintiff put it in his pocket. He afterwards married and brought his wife to his mother's home, and his mother could not get along with his wife. There was evidence of statements made by his mother in his presence that he was not to receive the deed unless he remained single and took care of her. Later his mother moved to the residence of defendant, another son, and when she did so the deed was found in her box, and she burned it. Thereafter she gave defendant a power of attorney to look after her business, and on demand by defendant plaintiff removed from the land in suit, and defendant took possession of it for his mother. She afterwards deeded it to defendant for $1000, and he made valuable improvements upon it and his title was not questioned until after his mother's death: *Held*, that the question whether the first delivery of the deed was absolute so as to pass title and the question of the second delivery, having been submitted to the jury on proper instructions and found against plaintiff, the verdict must stand. *Held*, also, that the evidence is sufficient, to establish the defense of estoppel *in pais*, if the case had been submitted to the chancellor, and having been submitted to a jury upon plaintiff's request he cannot complain.

6. **INSTRUCTIONS: Given: Refused.** Where all the questions in the case are covered by proper instructions given to the jury, the refusal to give other requested instructions is not error, and the judgment being for the right party will be affirmed.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

*W. S. Herndon* for appellant.

(1) The execution and acknowledgment of the deed conveying the land in controversy to the plaintiff, by Sarah F. Peterman, and leaving it with the Commercial Bank of Lawson, with directions to deliver the deed to the grantee after the death of the grantor, constituted a delivery of the deed, and placed the same beyond the control of the grantor. Standiford v. Standiford, 97 Mo. 231; Sneathen v. Sneathen, 104 Mo. 209; Schooler v. Schooler, 258 Mo. 83; Harvey v. Long, 260 Mo. 386; 8 R. C. L. sec. 60, p. 595. (2) The bank holding the deed under the directions given could not surrender the deed to the grantor or grantee, prior to the death of the grantor. But both parties consenting thereto would authorize the bank to deliver the deed, prior to the time fixed by the grantor. Seibal v. Higham, 216 Mo. 132; Parsons v. Parsons, 45 Mo. 265. (3) A delivery of the deed by the bank, to the grantee, prior to the time directed, if consented to by the grantor, passed the title, as of the date of the deed, and its effect as a present conveyance could not be changed by the mere physical possession of the deed taken afterwards by the grantor, nor could its destruction by her, change the plaintiff's rights under the deed. Terry v. Glover, 235 Mo. 550; Sneathen v. Sneathen, 104 Mo. 209; Allen v. DeGroodt, 105 Mo. 449. (4) The effect of a direct delivery of a deed to the grantee, cannot be obviated by the intention of the grantor that it shall operate merely as an escrow, or take effect only upon specific contingencies. 8 R. C. L. sec. 52, p. 983; Miles v. Robertson, 258 Mo. 725. (5) A delivery of a deed may be made by words, unaccompanied by act, or by act, unaccompanied by

words, as well as by both words and acts. Schooler v. Schooler, 258 Mo. 92; Cannon v. Cannon, 26 N. J. Eq. 316; Harvey v. Long, 260 Mo. 386. (6) While it is essential to the validity of a deed that there be an acceptance of the instrument by the grantee, yet the delivery of a deed implies its acceptance by the grantee, in the absence of fraud, artifice or imposition. Miller v. McCaleb, 208 Mo. 578; 13 Cyc. 570. (a) In respect to a grantee who is under no disability, the rule is that when such grantee is aware of such conveyance and does not dissent, and the conveyance is positively beneficial to him or her, acceptance will be presumed. 5 Am. & Eng. Ency. Law, 444; Miller v. McCaleb, 208 Mo. 579. (b) The presumption of delivery of a deed or its acceptance is stronger in the case of a voluntary settlement than in a case of bargain and sale. Schooler v. Schooler, 258 Mo. 92; Rumsey v. Otis, 133 Mo. 95; Hamilton v. Armstrong, 120 Mo. 597; Crowder v. Searcy, 103 Mo. 97; Cannon v. Cannon, 26 N. J. Eq. 316; Williams v. Williams, 148 Ill. 430. (7) After the execution and acknowledgment of the deed conveying the land in controversy to plaintiff, the evidence shows that he took possession of the land and rented and collected the rents. This is evidence of the delivery of the deed and its acceptance. Schooler v. Schooler, 258 Mo. 83. (8) If there is any question as to the deed having been delivered to the plaintiff, then, as the evidence shows it was given into the possession of the plaintiff by the grantor or with her consent, and after she had parted with all control thereof, by leaving it with the bank to be delivered after her death, it devolved upon the defendant to show there was no delivery of the deed. This he failed to do. Burk v. Adams, 80 Mo. 504; Harvey v. Long, 260 Mo. 387. (9) That the defendant accepted the deed from his mother, with full knowledge of the existence of the prior deed to plaintiff, is established by the evidence, and he cannot defend on the ground of being a purchaser without notice. (10) No act, word, or deed of Sarah F. Peter-

man, made after the execution, acknowledgment of the deed and placing it beyond her control, could affect the title conveyed by the deed to the plaintiff, and all evidence as to such was incompetent. Potter v. Adams, 125 Mo. 118; First Natl. Bank v. Nichold, 43 Mo. App. 358; Enders v. Richardson, 33 Mo. 598; Boyd v. Jones, 60 Mo. 454; Ferry v. O'Neal 149 Mo. 467; Garland v. Harner, 17 Mo. 287; Miles v. Robertson, 258 Mo. 725 (11) The fact that defendant made improvements on the land after he obtained the deed from his mother, is no legal defense in this case. The statute provides a remedy by which he could recover the reasonable value of such improvements, if under the facts he was entitled to be remunerated. Secs. 2401, 2402, 2403, 2404, R. S. 1909. (12) Where a deed has been executed and acknowledged, the possession of such deed by the grantee is presumptive evidence of delivery. Scott v. Scott, 95 Mo. 300; Allen v. DeGroodt, 105 Mo. 450. (13) The court erred in refusing to give Instruction G asked by the plaintiff. Any condition that plaintiff was to remain single, even if not against public policy, would have to be written in the deed, in order to be valid. (14) The court erred in refusing to give Instruction H asked by the plaintiff. This instruction went to the defense of estoppel pleaded by the defendant. It was not the duty of the plaintiff to notify the plaintiff of his claim. And if the defendant knew of the existence of the deed to plaintiff prior to the time of his purchase there is no estoppel in the case. Am. & Eng. Ency. Law (2 Ed.) pp. 422-424; Stone v. Railroad Co., 261 Mo. 61; Vaughn v. Tracy, 25 Mo. 318; s. c. 22 Mo. 415; Lincoln v. Thompson, 75 Mo. 613; Squires v. Kimball, 208 Mo. 110; Shafer v. Deltie, 191 Mo. 377; Davis v. Wood, 161 Mo. 17; Wiggenhorn v. Daniels, 49 Mo. 160; Freeman v. Moffitt, 119 Mo. 280; Martin v. Jones, 72 Mo. 23. (15) The court erred in giving instruction number 5 asked by the defendant. This instruction is clearly erroneous. There was no such condition contained in the deed and no de-

fense of the kind pleaded. The instruction is based on the fact of a delivery of the deed and it follows that if there was a contract between plaintiff and Sarah F. Peterman, by which he was to support her and remain single, during the life of Mrs. Peterman, and he did not perform it, it was an equitable defense, and would have to be pleaded. Russell v. Whiteley, 59 Mo. 199; Kennedy & Jackson v. Daniels, 20 Mo. 104; Johnson v. Fluetsch, 176 Mo. 464; McQuinn v. Moore, 225 Mo. 45. (16) The trial judge held this to be a jury case. We think he was right in that respect. This suit is an action at law. Dowd v. Bond, 199 S. W. 594; Newbrough v. Moore, 202 S. W. 547; Elsea v. Smith, 202 S. W. 1071; St. Louis Union Trust Co. v. Hill, 223 S. W. 434.

*Lavelock & Kirkpatrick* and *James L. Farris's Sons* for respondent.

(1) The statements of Sarah F. Peterman, made in the presence and hearing of Frank B. Peterman, were properly admitted in evidence. Poplin v. Brown, 200 Mo. App. 262; Edwards v. Latimer, 183 Mo. 624. (2) Appellant and his mother lived together on the home place, and under the evidence, it is but a reasonable conclusion that he attended to her business, and if so, this constituted a confidential relationship between appellant and his mother. Street v. Goss, 62 Mo. 229; Hall v. Knappenberger, 97 Mo. 511; Kirschner v. Kirschner, 113 Mo. 296; Dausman v. Rankin, 189 Mo. 703; Kincer v. Kincer, 246 Mo. 437; Wendling v. Bowden, 252 Mo. 687; Parker v. O'Bryen, 181 Mo. App. 496. By reason of which, the deed deposited with Frank Clark, is, in the absence of evidence on the part of appellant showing that the deed executed by Sarah F. Peterman was her free act and deed, presumed to be the result of undue influence on the part of appellant. (3) Where a deed is executed by a parent conveying land to a child, in consideration of love and affection, the same test is applied as in cases involving wills. McFarland v. Brown,

193 S. W. 804; Jones v. Thomas, 218 Mo. 541, 542. · (4) To constitute delivery of a deed, the grantor must unconditionally part with all dominion, possession and control over the instrument, and it must be the intention of the grantor that the instrument take effect as a present transfer of title to the grantee. Sneathen v. Sneathen, 104 Mo. 209; Chambers v. Chambers, 227 Mo. 282; Terry v. Glover, 235 Mo. 550. (5) Intention may be elusive, evasive and difficult of ascertainment, but it is the very quintessence of delivery, and without it there can be no legal transfer of title. Chambers v. Chambers, 227 Mo. 282. (6) Sarah F. Peterman had no intention, when she consented to the deposit of the deed here in question with Frank Clark, of parting with all control over it, or that it would be delivered to appellant except on condition that he remained single and took care of her during the remainder of her life. (7) Appellant has, by his silence and acquiesence for a period of more than seven years, when he had full knowledge that respondent had, in good faith, purchased said real estate, and executed his binding obligation therefor; that said real estate had been in good faith conveyed to respondent; that respondent had been in the continued and uninterrupted possession, use and occupation thereof, claiming same, for a period of more than seven years, and that the grantor in said deed, who then resided in Ray County, could give evidence as to his rights to said real estate, if any, estopped himself from claiming title to or demanding possession thereof. State ex rel. v. West, 68 Mo. 232; Burdett v. May, 100 Mo. 18; Stevenson v. Smith, 189 Mo. 466; Dexter v. MacDonald, 196 Mo. 399; Shelton v. Horrell, 232 Mo. 375. (8) The instructions of plaintiff, refused by the court, were properly refused and the instructions given on the part of defendant correctly declared the law of this case.

GRAVES, J.—The petition in this cause is an ordinary petition in ejectment, save that it charges waste,

and asks for damages for such waste, along with damages for the alleged unlawful withholding of the possession, and the monthly rents and profits. The answer is quite long, but when carefully dissected will be found to contain (1) a general denial, (2) plea of estoppel *in pais,* and (3) a claim of innocent purchaser for value. Reply was a general denial. From an adverse judgment in the lower court the plaintiff has appealed. Errors assigned cover alleged improper admission of evidence, and alleged improper giving and refusing declarations of law. It was tried before a jury, and as a case at law, at the instance of plaintiff and over the objection of defendant. A peremptory instruction, asked by the plaintiff and refused by the court, creates a situation calling for the facts. These we take in the course of the opinion under the points made.

I. Both plaintiff and defendant are the sons of Sarah F. Peterman, now deceased. Mrs. Peterman was the surviving wife of Allen W. Peterman, and was the owner of the forty acres of land in Clinton County, now in dispute. She also owned 40 acres in Ray County. Mrs. Peterman seems to have taken a child's part in her husband's estate. In November, 1906, she was living on the old Peterman homestead with her son, the plaintiff herein, who was then single. On November 26, 1906, she made two deeds to Frank B. Peterman, one covering the land in suit, and the other the forty acres in Ray County. These deeds were drawn by Frank Clark, a notary, and cashier of the Commercial Bank, and were given to Clark to be by him held, and delivered to the grantee upon his mother's death. These deeds were warranty in form and had an expressed consideration of five dollars and love and affection, as shown by the notary's record. Later Clark said that the mother and son came into his office and asked for the deeds and he turned them over to them, and Frank B. put them in his inside overcoat pocket.

*Facts.*

He could not recall the conversation that took place between the mother and son at that time.

In August, 1909, Frank Peterman married and brought his wife and mother-in-law to the old Peterman homestead. For defendant, the evidence tends to show, from statements made by the mother in Frank's presence, that he was not to receive the deeds unless he remained single and took care of the mother. About December 18, 1909, the mother moved to the residence of the defendant in this case, and it is shown that the deeds were found in his mother's box in the room that she occupied at the old homeplace. It appears that she could not get along with plaintiff's wife. Upon the removal to the house of the defendant, the mother burned the deeds, and of this fact plaintiff was informed. Early in 1910 the mother gave the defendant a power of attorney to look after her business, and defendant says that under that power he demanded of the plaintiff the property belonging to the mother, and that plaintiff removed his stock from the land in dispute, and he took possession of it for the mother. Later in May, 1910, he bought it from his mother for $1000, and got her deed therefor. That he paid for the land this sum and some accrued interest is shown beyond dispute. Defendant took possession, made valuable improvements thereon, and his right or title was not questioned until after the mother's death. Such is a brief outline of the facts.

II. It is a question as to whether or not the trial court should have tried this case as one in equity. [Schneider v. Schneider, 224 S. W. l. c. 2 et seq.] Appellant is in no position to question the matter, as he urged a trial by jury as a law case. Defendant objected, but as he won and did not appeal, he is not hurt by the ruling.

Equitable Defense: Jury Trial.

Plaintiff asked 16 instructions, and received 7. These covered (1) the alleged delivery of the deeds to the bank, through Clark its cashier, (2) the taking of the deeds from the bank by the mother and son, and the

alleged delivery to him, (3) the jury were told that if Mrs. Peterman delivered the deeds to plaintiff in her lifetime, with the intention to pass title, upon an agreement not to marry and to support her, and that thereafter she entered the premises of plaintiff and took the deeds and burned them, then the deed to defendant conveyed no title, provided defendant knew of the deed prior to his purchase. Instructions 4 and 5 are short and read:

"4. If the jury find from the evidence that the deed in question was delivered to the plaintiff, Frank B. Peterman, by the grantor, Sarah F. Peterman, with the intention of passing to him, the said Frank B. Peterman, the title to the lands described in said deed, then no statement or act of the said grantor, made thereafter, would affect the title so conveyed.

"5. If the jury find from the evidence that the deed from Sarah F. Peterman to plaintiff, to the land in controversy was delivered, and further find that the defendant at the time of his alleged purchase had notice of the existence of said prior deed or of plaintiff's claim to the land, then there is no estoppel in this case and you cannot find for defendant on that ground."

Instruction 6 was as to measure of damage, and 7 as to form of verdict. For defendant the instructions covered (1) the presumption of title as to one in possession, (2) as to what constitutes a delivery of a deed and the burden of proof of that fact, (3) on the question of estoppel by acts *in pais*, (4) on the effect of withholding knowledge as to the alleged delivery of deed to plaintiff, and (5) covered the theory that Mrs. Peterman had made the deed in consideration of plaintiff not marrying and caring for her during life, and the further theory that there had been no delivery thereof. Instructions 6 and 7 for defendant read:

"6. The court instructs the jury that although they may believe and find from the evidence that Sarah F. Peterman executed a 'deed purporting to convey the

land in question to plaintiff, and left it with Frank Clark to be delivered to plaintiff on the death of said Sarah F. Peterman, and afterwards plaintiff and Sarah F. Peterman, together appeared at the office of said Frank Clark and called on him for said deed, which he returned to them, and plaintiff picked it up and placed it in his pocket and carried it away with him and afterwards, without being delivered to him as in these instructions, and while in her possession and before delivery to the plaintiff it was destroyed, then the plaintiff cannot recover, and your verdict should be for the defendant.

"7. The court instructs the jury, that although you may believe and find from the evidence that Sarah F. Peterman executed to Frank B. Peterman a deed for the land in question, and that said Sarah F. Peterman gave said deed to Frank Clark with instructions to deliver the same to Frank B. Peterman after her death, yet if you further believe and find from the evidence that afterwards, Sarah F. Peterman and Frank B. Peterman by mutual acts and conduct took said deed from the possession of Frank Clark and never returned the same to him, then such taking from the possession of said Frank Clark by the mutual act and conduct of said Sarah F. Peterman and Frank Clark, was a revocation of the authority of said Frank Clark to deliver said deed to Frank B. Peterman after the death of said Sarah F. Peterman."

The verdict was a general one for the defendant. We are not therefore fully advised as to the view of the jury. There is ample evidence in the record upon which the jury could have found that plaintiff was estopped, because defendant, with the knowledge of plaintiff, had paid out over $1000 for the land, and made valuable improvements on the land after the plaintiff had been informed that he had failed to keep his contract, and that his mother had burned the deed. For seven years defendant's title was not questioned. If this court was hearing this case in equity we would have no hesitancy

in decreeing title in defendant on the theory of estoppel *in pais*. Nor do we hesitate to say that the jury was so authorized, to find under the evidence. Plaintiff quit the possession at the close of the year 1909, or early in 1910, and defendant went into possession first for his mother, and in May, 1910, under his recorded deed, for an expressed consideration of $1000, and for seven years improved the land at some considerable outlay. A house was built, a barn moved upon the farm, the fences were renewed, and the land cleared for cultivation and put in grass. All these things the plaintiff knew. In addition it should be added that defendant never heard of the deeds to plaintiff until his mother's removal from the old homestead, and in fact had no knowledge of the two alleged deliveries. He saw them in his mother's box for the first time, and knew that she burned them. The alleged deliveries were not disclosed to him.

III. Whatever may have been the agreement between Frank and his mother, as to her support, and for him to remain single until her death, was not disclosed to Clark, when the deeds were delivered to the bank for further delivery to Frank. Nor was Clark very definite as to the full instructions. A memoranda was made on the envelope but such was not in evidence. The fact that there was to be no final delivery until after death, would indicate that there might have been a contract of some kind. There is evidence of such contract and its violation by plaintiff. But be this as it may, both parties went to Clark and withdrew the deeds and they were never thereafter returned to Clark or the bank. At the death of the mother, neither Clark nor the bank was, and for years had not been, the medium for the final delivery. By consent of both parties this possession of Clark, or his bank, had been terminated.

**Deed in Escrow: Withdrawal by Parties: No Final Delivery.**

Whilst it is true that a deed delivered to a third person, to be by him delivered to the grantee therein at death of grantor, is held to be a good delivery, but such a delivery will not preclude the grantor and grantee from, by common consent, withdrawing the deed, and thereby prevent its final delivery, through the medium of this third person. Such third party is the common agent of both, and we see no reason why this preliminary delivery may not be withdrawn by the consent of both parties. Our courts hold such to be a delivery in the lifetime of the grantor to obviate holding such deed to be testamentary in character. We find no direct authority in this State, but in Grilley v. Atkins, 78 Conn. l. c. 386, it is said:

"Whether, in a given case, the delivery of a deed to a third party, to be delivered by him to the grantee after the grantor's death, is to be deemed a delivery *in praesenti* or not, is generally a question of fact depending upon the conduct and intention of the parties to such a transaction. Two of the essential features of such a delivery are these: (1) the grantor must deliver the deed to a third person for the benefit of the grantee ultimately, and in some way express his intention to that effect; and (2) by the very great weight of authority the grantor must, at the time of such delivery to the third person, part both with the possession of the deed and with all dominion and control over it. See the cases cited to this effect in the note to the case of Munro v. Bowles, 54 L. R. A. 865, 872, 187 Ill. 346; Porter v. Woodhouse, 59 Conn. 568. A delivery so made and accepted by the grantee is irrevocable by the grantor, and cannot by him be recalled, or revoked or modified, without the consent of the grantee."

In a case of this character there must be a final delivery after the death of the grantor, and this delivery relates back to the delivery to the third party. But absent the final delivery through the designated medium, without fault on the part of such medium,

there is no deed. In other words, if the grantee by his own act (as he would by consenting to a withdrawal of the deed) prevented the final delivery, after death, he cannot complain, or claim title under the instrument. Under this view there was no error in defendant's Instructions 6 and 7 of which complaint is made. Appellant recognized this doctrine in the closing words of his Instruction No. 1, wherein he said:

"Unless said bank was thereafter authorized by the mutual agreement and directions of the grantor and grantee in said deed to make a different disposition of said deed."

IV. However, in the instant case the trial court submitted to the jury the question as to whether or not Mrs. Peterman ever made a delivery to Clark, or his bank, with intent to then part with title to her property to plaintiff, and this question came to Division No. 2 of this court, in Peterman v. Crowley, 226 S. W., 944. In that case, upon facts practically the same as here that court ruled that the trial court was justified in ruling that there was no delivery. The Crowley case involved the 40 acres of land in Ray County, and involved in it was one of the two deeds left with Clark. The facts, as to the leaving of the deeds with Clark, and the instructions given, were practically the same in that case as in this case. This case also rules the contention of errors in admitting evidence against the plaintiff here.

It is urged here that there was an absolute delivery of these deeds to Clark, and that the title then passed. The same was urged in Crowley's Case, supra. Delivery of a deed is a matter of intent. Whether or not, in a case like this, it is absolute depends upon the facts. There are pertinent facts in this case which tend to show that Mrs. Peterman did not make an unreserved deposit of those deeds. She was deeding away practically all her property, by warranty deeds, is one fact. Another is the action of the parties themselves. Had there not

been some collateral contract or agreement (not divulged to Clark) it is not likely that Frank would have consented to the withdrawal of the deed. At least there was evidence upon which to submit the question to the jury and it was submitted, and found against plaintiff. The same is true as to the alleged delivery of the deeds to the grantee, after withdrawal from the bank. We concede that the grantor and grantee could withdraw the deeds and deliver to the grantee at once. This follows from our views, supra, that the grantor and grantee can consent to the withdrawal of the deeds. But the jury passed upon this alleged second delivery, and there were facts upon which to submit it. First, the conduct of the parties. Frank yielded the possession, and the mother had the deeds, and burned them. The deeds were kept in her room at the old homestead, and removed by her when she left, and just before she burned them.

V. The plaintiff complains of the court's refusal of some of his instructions. There are but few questions in the case, and upon these plaintiff had ample instruction given by the court. His contention that the delivery to Clark was final was presented by instruc-

Instructions: Refusal.

tion and found against him. However, in this instruction plaintiff recognizes that, by consent, the parties could make a different disposition of the deed. His contention that, upon the withdrawal of the deeds from the bank, there was a delivery to him, was likewise submitted to the jury and found against him. The question as to whether or not the mother took the deeds from his possession, was presented by proper instruction, and found against him. These covered the case save and except the matters of laches and estoppel. For defendant a proper instruction upon estoppel by acts *in pais* was given, and the one asked by plaintiff was faulty, in that it directed that the jury should find for plaintiff on this question, if they found that defendant knew that a deed had been made before he bought. De-

fendant had seen the deed, but saw it in his mother's possession, and was informed that it had not been delivered. Plaintiff's instruction omits the matter of knowledge of delivery, and was therefore properly refused. In our judgment the instructions given properly cover all the questions in the case, and even on the theory that this is a law case (which under Schneider v. Schneider, supra, we do not concede) yet it was properly tried, and resulted in a judgment for the right party.

Let the judgment be affirmed. All concur.