SARAH BUTLER *et al.* Appellants, *vs.* HARRISON GARRETT *et al.* Appellees.

*Opinion filed June 22, 1916.*

1. DEEDS—*when rule that grantor's declarations in disparagement of title are not admissible does not apply.* The rule that the declarations of a grantor in disparagement of title which he has conveyed are not admissible against his grantee does not apply to the testimony of a grantor who is a witness in a partition suit by himself and certain of his children against his grantees, and he may testify that long before he conveyed to the grantees he and his wife had executed and delivered a deed to the farm to a third party and on the same day such third party executed a deed, which is of record, conveying the farm back to the wife.

2. PARTITION—*when the Statute of Limitations is not available.* In a partition suit the Statute of Limitations is not available to the defendants, who are tenants in common with the complainants, even though there may have been a disseizin, where the defendants' knowledge of the facts is such that they cannot be said to be claimants of the title in good faith.

3. The court reviews the evidence and holds it sufficient to show the execution, delivery and acceptance of a deed which was never recorded and cannot be found.

APPEAL from the Circuit Court of Wabash county; the Hon. J. C. EAGLETON, Judge, presiding.

P. J. KOLB, and M. J. WHITE, for appellants.

H. M. PHIPPS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The complainants in a bill for partition in the circuit court of Wabash county have appealed from a decree dismissing their bill and finding the defendants to be the owners of the property involved.

Hannah Garrett died in October, 1884, leaving Bailey Garrett, her husband, surviving her, and five daughters, who are the appellants, and three sons, who are the appellees, her heirs. For a number of years before her death the family lived upon a farm of one hundred and twenty acres, which is the property involved in this suit. The title prior to March 8, 1878, was in Bailey Garrett. On that day a deed conveying the property to Hannah Garrett was executed by Wilbur Compton and was recorded. It is the claim of the complainants that on the same day a deed of the same premises was executed by Bailey Garrett and Hannah Garrett, his wife, to Wilbur Compton, which was delivered but was never filed for record. After the death of Hannah Garrett her husband and children continued to reside upon the premises until the marriage of the daughters, who, as they were married, left the farm and lived in homes of their own. The three sons continued, with their father, to use and occupy the land until Harrison Garrett, the oldest son, was married. Soon after that event Bailey Garrett, during the years 1901 and 1902, conveyed to Harrison Garrett forty-five acres of the land, to Frank and George Garrett sixty-five acres, and to Sarah Butler and Mary Lovellette, two of the appellants, the remaining ten acres, reserving to himself a life estate in forty acres. He continued.

to live with his son Harrison and his wife for a short time and then went to live with his youngest son, George, who was married and lived several miles from the farm. He lived with George about ten years, and in August, 1914, went to live with his daughter Mary Lovellette, with whom he remained until he died, on November 30, 1915, during the pendency of this suit. On November 5, 1915, he, together with his five daughters, filed the bill in this case, which alleged the execution of the deed from Bailey Garrett and his wife to Wilbur Compton and asked to have it restored and ordered recorded, and also prayed that the various deeds executed by Bailey Garrett should be set aside, that dower should be assigned to him and that partition should be made of the premises. The defendants by their answer denied the execution and delivery of the deed to Wilbur Compton, and relied upon the deeds of Bailey Garrett and upon the Statute of Limitations and their possession and payment of taxes. The death of Bailey Garrett having been suggested, the cause proceeded in the name of the survivors.

The important question in the case is whether Bailey Garrett and his wife executed and delivered to Wilbur Compton a conveyance of the premises on March 8, 1878. If they did, Hannah Garrett died seized of the premises in question; if they did not, the title remained in her husband and would be conveyed by his deeds. Bailey Garrett's deposition was taken on November 12, 1915. He was then nearly eighty-two years old, in very feeble health and almost blind. He testified that he deeded the land to Wilbur Compton thirty-six or thirty-seven years ago; that he and his wife both signed the deed and that Wilbur Compton made a deed back to his (Garrett's) wife, Hannah, of the same land that Garrett and his wife conveyed to him; that both deeds were made on the same day and that his wife lived five or six years afterward. He said he could not tell whether Compton ever had the deed or not; that they

all went together, and he did not know whether Compton had the deed or he had; that he did not know who took the deeds down. No one else who ever saw the deed testified as to its contents. Sarah Butler, the oldest daughter, who was married and not living at home at the time of her mother's death, returned to live with her father after her husband's death, and testified that six years after her mother's death she saw the deed, together with the deed from Compton to her mother, in her mother's bureau drawer at her father's house; that she never saw her mother have it in her lifetime and did not read the deed or unfold it; that she saw it there, folded up; that she saw the names on the back but did not see the description; that the two deeds were there together, kept in a chalk-box in a bureau drawer; that it was her mother's box, and besides the deeds there were letters in the box from her brother from the war; that the occasion of her seeing the deeds was that her father was going to make her a deed to two acres of the farm and got the deeds out to see them and get the description to make the deed to her; that he told her that he couldn't make her a deed,—that he was not the land owner,—and she saw the deed at that time. M. H. Mundy, a lawyer living in Mt. Carmel, testified that he leased a part of the land from Mrs. Garrett in 1881 or 1882.

In 1900 two of the daughters filed a bill for the partition of the land against the other heirs and their father, reciting that Hannah Garrett had died intestate, leaving surviving her Bailey Garrett, her husband, and five daughters and three sons, as her only heirs-at-law, and was seized of the land in controversy; that Bailey Garrett had a right of homestead and dower, and praying that the same might be assigned to him, and the land, subject to dower and homestead, partitioned among the heirs. Just before the bringing of this suit the appellee Harrison Garrett, having heard that it was to be brought, made an effort to buy

the interest of his sister Julia Ballard in the land and she refused to sell. Afterward he and his father asked her to go to their sister Lydia, who was one of the complainants, and ask her if she would withdraw the suit if they would get three disinterested parties and have the land divided by them. The sister said she would, and Mrs. Ballard reported to her father and brother, and that was the last she heard of the matter.

The evidence is convincing that a conveyance was made to Wilbur Compton by Bailey Garrett and his wife on March 8, 1878. Unless such conveyance was made the conveyance by Wilbur Compton to Mrs. Garrett was wholly purposeless. The deed to Mrs. Garrett was undoubtedly executed, delivered and filed for record on that day. Bailey Garrett testified that he and his wife executed a deed to Compton at the same time he made the deed to Mrs. Garrett. It is true that he says in his testimony that he thinks the deed was only of eighty acres, but he says that Compton conveyed the same land to Mrs. Garrett that Garrett and his wife conveyed to him. There is no doubt about the land that Compton conveyed to Mrs. Garrett, and the effect of Bailey Garrett's testimony is to establish a conveyance of the whole farm to Compton. This is consistent with all the actions of the parties at the time. It seems hardly likely that Compton would make a conveyance of the whole farm to Mrs. Garrett unless the deed executed to him at the same time, which was his only source of title or authority to make the conveyance, also included the whole farm. The fact that Sarah Butler saw a folded paper, apparently a deed, indorsed as such with the names of the grantor and grantee, would of itself be of no importance, but the fact that such a paper was in existence long after her mother's death, among her mother's private papers, together with the deed from Compton to her mother, and that the two were consulted by her father for the purpose of securing a description for a part of the land he was proposing to con-

vey, tends to corroborate the testimony of her father that a deed was, in fact, executed. So far as the delivery is concerned, the fact that Compton executed a deed to Mrs. Garrett of the land to which he had no other title than the conveyance from Bailey Garrett and his wife to him, and the fact that the deed was afterward found in the possession of Compton's grantee, who would be its natural custodian, were sufficient to establish delivery and acceptance. The action of the appellees in attempting to buy the interest of their sister before the beginning of the partition suit and proposing to have the land divided by three disinterested persons if the partition suit were withdrawn, further corroborates the claim of the appellants.

Some contention is made that the evidence of Bailey Garrett was incompetent because the declarations of a grantor in disparagement of the title which he has conveyed are not admissible against his grantee. This rule has no application to the testimony of a grantor who is a witness on the hearing. Though he may not make declarations in disparagement of the title he has conveyed, he is competent to testify to facts which are material.

The Statute of Limitations is not available to the appellees, who were tenants in common of the appellants. Even if there had been a disseizin of the co-tenants, the appellees' knowledge was such that they could not be claimants of the title in good faith.

It appears from the testimony of Bailey Garrett that there were nine children, one of whom (Vanie) married Frank Williamson. She had two children and died, and the children are both dead, but the time of the death of any of them does not appear from the evidence. These dates must be shown before the interest of the parties can be determined.

The decree of the circuit court will be reversed and the cause remanded.  *Reversed and remanded.*