FRED SHEPHERD, Appellant, v. EDWARD DELANEY et al., Appellees.

**EVIDENCE: Declarations Against Interest.** The written declaration of
1    the holder of the legal title to real estate, to the effect that a named party was in possession under an agreement under which he should take absolute title upon the death of the declarant, is competent evidence to prove such agreement.

**DEEDS: Evidence—Impeachment of Deed.** A grantor may not im-
2    peach his deed by subsequent declarations, even though the deed was without consideration.

**QUIETING TITLE: Plaintiff in Possession.** A deed will not be set
3    aside on a naked showing that defendant grantee knew of plaintiff's possession, and could easily have learned that plaintiff was asserting title. Plaintiff must distinctly prove his allegations as to the terms of his possession.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON, Judge.

MARCH 17, 1921.

ACTION in equity to set aside a deed and to quiet title in certain land in Plymouth County. Judgment dismissing plaintiff's petition, and he appeals.—*Affirmed in part; reversed in part.*

*P. Farrell* and *Roseberry & Roseberry,* for appellant.

*McDuffie & Keenan* and *T. M. Zink,* for appellees.

STEVENS, J.—I. When the plaintiff, appellant herein, was about 10 years of age, he went to reside with Martin Delaney,

near LeMars, in Plymouth County, Iowa, where he continued to reside as a member of the family until about 26 years of age, when he married and moved upon the west half of the northwest quarter of

1. EVIDENCE: declarations against interest.

Section 36, Township 91, Range 45, the land in controversy, which he has since occupied and farmed, in connection with an adjoining or near-by 20-acre tract. During the time he resided in the home of Martin Delaney, he worked upon the farm and performed the customary farm duties, but for this he received no wages. Martin Delaney died January 14, 1918. While ill in a hospital at LeMars, and on March 5, 1917, Martin conveyed the southwest quarter of the northwest quarter of the above-described tract, with other lands, to the defendants Edward and Joseph M. Delaney, by warranty deed.

Plaintiff alleges in his petition that, about the time he attained his majority, Martin Delaney promised him that, if he would remain and work for him as he had in the past, he would give him 80 acres of land; that he did continue to reside with and work for said Martin Delaney until he was 26 years of age; that, in the year 1911, by mutual agreement and arrangement with the said Martin Delaney, he went into possession of the above-described tract; and that he has continued in such possession, under a claim of ownership, and has expended such sums as he was able in improving the same. He further alleges that the deed executed March 5, 1917, conveying the southwest quarter of the northwest quarter of said tract to Joseph M. and Edward Delaney was obtained by fraud and duress, and asked that same be canceled and set aside, and that title to the entire tract be confirmed and quieted in him.

The defendants, for answer, admit the execution of the deed, but deny that it was obtained by fraud or duress, and further admit that Joseph M. and Edward Delaney claim to be the owners of said 40-acre tract. The court below dismissed plaintiff's petition, and entered judgment against plaintiff for costs. Notice of plaintiff's appeal was served upon Joseph M. and Edward Delaney only. The other defendants, who were not served with notice of appeal, were Frank R. Delaney, brother of Edward and Joseph M., and William Miller, who, it is alleged, asserts a right to the possession of the 80 as lessee. The record con-

tains no competent evidence of fraud or duress in the procurement of the conveyance of the 40-acre tract to the appellees. The plaintiff offered a written instrument, bearing date March 26, 1917, and designated as the ''last will and testament of Martin Delaney,'' properly witnessed as a will. It is as follows:

''I, Martin Delaney, of Stanton Township, Plymouth County, Iowa, hereby declare the following to be my last will and testament concerning the matters hereinafter mentioned.

''First. It is my will, and the purposes of this declaration, to assist Fred Shepherd in perfecting his title to the west half of the northwest quarter of Section Thirty-six, Township No. Ninety-one, North Range Forty-five, West of the 5th P. M. in Plymouth County, Iowa, the same being land occupied by the said Fred Shepherd, who was given possession by me, at which time I was the owner of the same, with the understanding that he was to have and take title to the same, free of all incumbrance, immediately after my death. The consideration being that the said Fred Shepherd worked for me from the time he was ten years old until he was about twenty-six years old, with-out wages except the promise that he should have this land at my death.

''Second. Recently, and while I was sick in the hospital at LeMars, Iowa, at the request of my sons I was induced to convey to them certain of my land in Plymouth County, Iowa, and have since been informed that the deeds then signed by me conveying to my sons, included the above-described real property, or a portion of it. I now state and declare that it was not my intention to convey any of the land above described to my said sons; and that it is my wish and desire that if my sons hold deeds of any of the above-described real property that they convey it, immediately after my death, to the said Fred Shepherd.

''Third. This statement is made in the hope that it may avoid litigation concerning the land above described, and that my wishes may be carried out in accordance with my agreement with the said Fred Shepherd, as above mentioned.''

Defendants objected to the offer of this instrument in evidence, upon the grounds that it was incompetent, immaterial, and irrelevant. This document contains the solemn admission

of the holder of the legal title to the west one half of the north-west quarter of the above-described tract that plaintiff had gone into possession thereof with the understanding and agreement that he was to have and take title thereto, free of incumbrance, immediately upon the death of Martin Delaney, and that same was to be in consideration and payment of services rendered and performed by plaintiff for declarant from the time he was 10, and until he reached the age of 26 years. The declared purpose of its execution is ''to assist Fred Shepherd in perfecting his title to the west half of the northwest quarter of Section Thirty-six, Township No. Ninety-one, Range Forty-five  *  *  * the same being land occupied by the said Fred Shepherd.''

Counsel for appellees have discussed the questions involved herein upon the theory that plaintiff is claiming the land solely as a gift from Martin Delaney. The contrary is true. He is claiming it as compensation for services rendered under an agreement with Martin Delaney that he was to have 80 acres of land, if he remained with him. Plaintiff ceased to work for Martin when he went into possession of the land. According to the admission contained in the written instrument offered in evidence, his services were then completed. No attempt was made by defendants to impeach the written instrument, or to show that same was not voluntarily executed by Martin Delaney, or that the matters therein recited are not, in fact, true. Plaintiff, by this arrangement, became the equitable owner of the 80-acre tract. The admissions and declarations of Martin Delaney were binding upon him, and likewise upon his heirs. *Johnson v. Petersen,* 101 Neb. 504 (163 N. W. 869). But proof of plaintiff's claim to the land does not depend alone upon the admissions and declarations of Martin Delaney.

To numerous persons who were called as witnesses and testified in plaintiff's behalf, Martin Delaney often spoke in praise of plaintiff, of his services, and stated that he intended to give him 80 acres of land. To at least one of these witnesses he said that he had executed a will for that purpose. To another he said that he was going to purchase 80 acres of land for Fred. The tract in controversy was purchased in 1915, and was generally referred to as Fred's 80. None of this testimony is disputed, nor was any evidence offered to offset it. We are of the

opinion that the evidence fully supports plaintiff's claim to the northwest quarter of the northwest quarter of the above-described tract.

II.   While the allegations of plaintiff's petition are not very specific on this point, we gather, from a careful reading thereof, that it was the intention of the pleader to charge that the conveyance to defendants was without consideration; but this is, perhaps, of no controlling force.   The consideration recited in the deed is $1.00 and other good and valuable consideration; but Ed Delaney, testifying as a witness for plaintiff, admitted that the conveyance was, in fact, without consideration.   We have already pointed out that the evidence wholly fails to sustain the allegations of either fraud or duress.   Does the evidence, independent of the written admissions and declarations of Martin Delaney, sustain plaintiff's claim that he went into possession of the southwest quarter under an agreement and with an understanding between himself and Martin Delaney that same was to become his absolutely, upon Martin's death?   The rule is well established that declarations of a grantor made after the conveyance, and not in the presence of the grantee, are not admissible to impeach the title of such grantee.   *Dixon v. Dixon,* 123 Md. 44 (90 Atl. 846) ; *Johnson v. Petersen,* supra; *Bollinger v. Bollinger,* 154 Cal. 695 (99 Pac. 196) ; *Butler v. Garrett,* 274 Ill. 178 (113 N. E. 32) ; *Pentico v. Hays,* 75 Kan. 76 (88 Pac. 738).   This is true, even though the land was conveyed without consideration.   *Johnson v. Petersen,* supra.   Upon no theory were the written admissions and declarations of Martin Delaney admissible to impeach defendants' title to the southwest quarter. The instrument was not executed in the presence of the defendants, nor, so far as disclosed by the record, with their knowledge.

It is also a familiar rule that the purchaser of real estate in the possession of another than the vendor takes the same charged with notice of all the claims and equities of the person in possession that inquiry would have disclosed.   *Crooks v. Jenkins,* 124 Iowa 317; *Lowther Oil Co. v. Miller-Sibley Oil Co.,* 53 W. Va. 501 (44 S. E. 433) ; *Frame v. Frame,* 32 W. Va. 463 (9 S.

2. DEEDS: evidence: impeachment of deed.

3. QUIETING TITLE: plaintiff in possession.

E. 901) ; *Wood v. Price,* 79 N. J. Eq. 620 (81 Atl. 983).  As was said in *Frame v. Frame* :

"The earth has been described as that universal manuscript, open to the eyes of all.  When, therefore, a man proposes to buy or deal with realty, his first duty is to read this public manuscript: that is, to look and see who is there upon it, and what are his rights there."

It is not enough to justify the court in setting aside the conveyance to the defendants for plaintiff to show merely that they knew of his possession, and could easily have ascertained by inquiry that he was asserting title to the land.  It was, under the allegations of his petition, incumbent upon him to prove by competent proof that he went into and retained possession of the land under an arrangement or agreement with Martin Delaney by which title was to vest in him absolutely upon the death of Martin Delaney.  Aside from his written admissions and declarations, the evidence went no further than to show that Martin Delaney had frequently expressed appreciation of plaintiff's services, and declared his intention to give him 80 acres of land.  There is no other competent proof that plaintiff's possession was not that of a tenant.  It is true that he improved the land in some small particulars, but during all of the time, he was paying rent therefor.  We need not set out the evidence in detail.  We have read the whole record with care, notwithstanding the fact that counsel for appellant have utterly ignored the rules, and set out the testimony in full by questions and answers.  We are persuaded that plaintiff has not shown sufficient facts, independent of the written instrument, to justify the cancellation of the deed of March 7, 1917, to the defendants. Defendants offered another instrument in evidence, in form, and purporting to be, the last will of Martin Delaney, and purporting to have been executed by him on October 10, 1917.  This document, which is witnessed by T. M. Zink, J. T. Keenan, and Ida Nugent, bequeaths the northwest quarter of the northwest quarter of Section 36, Township 91, Range 45, to plaintiff.  It also appears from the record that objections have been filed by Frank Delaney to the admission of this instrument to probate. We are not called upon, at this time, to construe the written instrument, or to determine whether same may be given effect as

a will; but we may assume that it would be admissible in evidence in a proceeding to establish a claim against the estate of Martin Delaney. Nothing herein shall be construed to prevent plaintiff from filing and proving a claim against the estate of the deceased. We do not adjudicate the question.

It follows from what has already been said that a decree should have been entered in favor of plaintiff confirming title in him to the northwest quarter of the northwest quarter of Section 36, Township 91, Range 45, and quieting same as against the defendants Joseph M. and Edward Delaney, and this cause will be reversed and remanded to the court below, with directions that a decree be entered in harmony herewith; otherwise, the judgment of the court below is affirmed.—*Affirmed in part; reversed in part.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.